J-A06029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                        :

                   v.                       :
                                        :
                                        :

MICHAEL CHRISTOPHER RODRIGUEZ    :
                                          :

                 Appellant            :       No. 503 WDA 2022

Appeal from the PCRA Order Entered March 23, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000043-2018

BEFORE:    OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                 **FILED:  June 7, 2023**

Appellant Michael Christopher Rodriguez appeals *pro se* from the order dismissing his timely first Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant argues that his trial counsel rendered ineffective assistance by failing to file a motion to suppress evidence.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See Commonwealth v. Rodriguez***, 159 WDA 2019, 2019 WL 3731759, at *1 (Pa. Super. filed Aug. 8, 2019) (unpublished mem.).  Briefly, a jury convicted Appellant for one count each of robbery, robbery of a motor vehicle, theft by unlawful taking, receiving stolen property, recklessly endangering another

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

person, and four counts of conspiracy.[2]  On January 3, 2019, the trial court sentenced Appellant to an aggregate sentence of five to twelve years' incarceration.  On direct appeal, this Court affirmed Appellant's judgment of sentence.  *See id.*  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On August 24, 2020, Appellant filed a timely *pro se* PCRA petition, his first.  Two days later, the PCRA court appointed Jeffrey S. Weinberg, Esq. as PCRA counsel.  On March 30, 2021, PCRA counsel filed a motion to withdraw as PCRA counsel, requesting that the PCRA court appoint alternate counsel in order to "remove any future issues about the effectiveness of current PCRA counsel[.]"  Mot. to Withdraw, 3/30/21.  That same day, the PCRA court entered an order denying PCRA counsel's motion.

On April 12, 2021, PCRA counsel filed a no-merit letter with the PCRA court.  The PCRA court issued a Pa.R.Crim.P 907 notice of intent to dismiss Appellant's PCRA petition on November 2, 2021.  After the PCRA court received a copy of the certificate of service indicating that PCRA counsel had served Appellant with a copy of his no-merit letter, the PCRA court issued a second Rule 907 notice on December 3, 2021.  On March 22, 2022, the PCRA court issued an order dismissing Appellant's PCRA petition.

Appellant filed a timely *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.  The PCRA court issued a Rule 1925(a) opinion

---

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3702(a), 3921(a), 3925(a), 2705, and 903, respectively.

addressing Appellant's claims. On June 3, 2022, this Court entered an order directing the PCRA court to conduct a *Grazier*[3] hearing to determine whether Appellant wished to proceed *pro se* or have counsel represent him on appeal. The trial court held a *Grazier* hearing on June 27, 2022. In an order entered that same date, the PCRA court indicated that Appellant knowingly, voluntarily, and intelligently waived his right to counsel.

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. The PCRA court denied [Appellant's] PCRA petition, finding that trial counsel Autumn L. Johnson was not ineffective for failing to file an interlocutory appeal of the dismissal of the *habeas corpus* petition and instead allowed a third hearing on his *habeas corpus* petition. Did the PCRA court commit reversible error by doing so?

2. The PCRA court admitted that the Mercer County Court of Common Pleas['] current process being utilized is not adequate to vindicate [Appellant's] right to challenge PCRA counsel's ineffectiveness, and the [PCRA] court admitted that it has not made a determination on the merits of [Appellant's] *pro se* PCRA petition. Thus, our Supreme Court has promulgated a new rule which allows a *pro se* PCRA petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. Did the PCRA court commit reversible error to do so?

3. The PCRA court denied [Appellant's] PCRA petition, finding that [(trial counsel)] Autumn L. Johnson was not ineffective for failing to file a motion to suppress to include a challenge to the veracity of sworn statements used by Officer Joey D. Brandt [] of the City of Farrell Police Department to procure a search warrant, and failing to challenge the truthfulness of factual statements made in the affidavit of probable cause supporting

---

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

the arrest warrant. Did the PCRA court commit reversible legal error by doing so?

Appellant's Brief at 4 (some formatting altered).

Initially, we note that although Appellant includes three issues in his statement of questions, Appellant has abandoned his first two issues for purposes of appeal.[4] Therefore, we will proceed to address Appellant's third claim concerning trial counsel's ineffectiveness.

Appellant argues that trial counsel was ineffective for failing to file a pre-trial motion to suppress. First, Appellant argues that trial counsel should have filed the motion as a means of challenging "the veracity of sworn statements used by Officer Joey D. Brandt [] of the Farrell Police Department" and the "truthfulness of the factual statements made in the affidavit of probable cause." Appellant's Brief at 24 (some formatting altered). Specifically, Appellant contends that the information supplied by Officer Brandt to secure a warrant for Appellant's arrest "was incorrect, untrue and misleading in several important aspects." *Id.* at 26. Appellant concludes that trial counsel's "failure to challenge the truthful[ness] of factual statements made in Officer

---

[4] In his brief, Appellant concedes that he is not entitled to relief on his first issue regarding trial counsel's failure to appeal from the order denying his *habeas corpus* petition. Appellant's Brief at 24 (citing **Commonwealth v. Harris**, 269 A.3d 534 (Pa. Super. 2022), *appeal granted*, 285 A.3d 883 (Pa. 2022)). Further, although Appellant includes his second issue regarding PCRA counsel's ineffectiveness in his statement of questions, Appellant explains in his brief that this issue is "waived due to time constraints." Appellant's Brief at ii. Because Appellant has abandoned these issues on appeal and does not develop any argument on either claim, they are waived. **See Commonwealth v. Rodgers**, 605 A.2d 1228, 1239 (Pa. Super. 1992).

Brandt's affidavit supporting the arrest warrant and [trial counsel's] then affirmative waiver of this claim was [sic] constitutionally ineffective, denying [Appellant] his rights under the Fourth and Fourteenth Amendments." *Id.* at 28.

Appellant also argues that trial counsel was ineffective for failing to file a motion to suppress the items seized from Appellant's person at the time of his arrest. *Id.* at 31. Specifically, Appellant notes that at the time of his arrest, Officer Steven Hale seized the following items: the victim's identification card, the victim's Chase credit card, and the victim's appointment card. *Id.* at 27. "[Appellant] argues that all [of] these 'alleged' items were ultimately introduced at trial, but there is no evidence in the record [or] documentation to establish chain of custody that Officer Hale, in fact, confiscated these 'alleged' items from [Appellant's] person and/or clothing." *Id.* at 27-28.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). This Court applies a *de novo* standard of review to the PCRA court's legal determinations. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of

the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered).

Here, the PCRA court addressed Appellant's claims as follows:

[Appellant] next argues that [trial counsel] was ineffective for failing to file a motion to suppress "challenging the veracity of sworn statements used by Officer Joey D. [Brandt ] of the City of Farrell Police Department to procure a search warrant, and failing to challenge the truthfulness of factual statements made in the affidavit of probable cause supporting the warrant." The flaw in [Appellant's] argument is the lack of showing of good cause of the

- 6 -

allegations on which [trial counsel] would have based such a motion to suppress. The [PCRA court] knows of nothing that would have given any basis for such claims, and is, therefore, unable to address this argument more fully.

[Appellant] further alleges that [trial counsel] failed to effectively file a motion to suppress on Fourth Amendment grounds, arguing that elimination of unspecified, allegedly false, statements would leave some unspecified affidavit unable to give probable cause for a warrant. [The PCRA court was] unable to discern if this is intended to refer to the previous portion of [Appellant's] argument "challenging the veracity of sworn statements used by [Officer Brandt]," or to some other, undisclosed factual dispute. In either event, [the PCRA court] is unable to address this argument further as [Appellant] has not stated, and [the PCRA court] is not able to discern, what facts Appellant is describing.

PCRA Ct. Op., 6/30/22, at 2-3 (some formatting altered).

Based on our review of the record, we find that the PCRA court's conclusions are based on the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. First, although Appellant claims that trial counsel was ineffective for failing to challenge Officer Brandt's statements in the affidavit of probable cause, Appellant has failed to demonstrate that trial counsel lacked any reasonable basis for declining to file a motion or that Appellant suffered prejudice as a result.[5] *See Sandusky*, 203 A.3d at 1043-44. Further, to the extent Appellant claims that trial counsel should have moved to suppress

---

[5] We note that Appellant's brief did include two conclusory statements that there was no reasonable basis for [trial counsel] to not challenge the evidence at issue and that this prejudiced Appellant. *See* Appellant's Brief at 31-32. However, as noted previously, "[b]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *See Sandusky*, 203 A.3d at 1044.

certain evidence due to alleged gaps in the chain of custody, his claim has no arguable merit.  *See*, *e.g.*, *Commonwealth v. Hannon*, 92 EDA 2022, 2023 WL 2441754, at *3 (Pa. Super. filed Mar. 10, 2023) (unpublished mem.)[6] (reiterating that "gaps in the chain of custody go to the weight, rather than [the] admissibility of the evidence in question" (citation omitted)).  For these reasons, Appellant is not entitled to relief on these claims.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/7/2023

---

[6] We may cite to non-precedential memorandum decisions filed by this Court after May 1, 2019 for their persuasive value.  *See* Pa.R.A.P. 126(b).